# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Eugene Nunnery, | Case No.: 3:19-cv-618-JAD-WGC |
| Petitioner | |
| v. | **Order Accepting Waiver of Conflict of Interest and Scheduling Further Proceedings** |
| William Gittere, et al., | |
| Respondents | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Eugene Nunnery, a Nevada prisoner under sentence of death. On October 10, 2019, the court granted Nunnery's motion for appointment of counsel, appointed the Federal Public Defender for the District of Nevada (FPD) to represent Nunnery, and ordered the FPD to file either a notice of appearance as counsel for petitioner or a notice indicating its inability to represent petitioner in these proceedings.[1] On November 12, 2019, the FPD filed a Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict.[2] In that filing, the FPD disclosed that it has a potential conflict with respect to its representation of Nunnery in that two current employees of the FPD worked as investigators for Nunnery's defense counsel in state court.[3] The FPD represents that, notwithstanding this potential conflict, Nunnery wishes to be represented by the FPD in this federal habeas corpus action and has executed a waiver of the conflict.[4] The FPD also describes the measures it has taken to ameliorate the effects of the

---
[1] ECF No. 5.
[2] ECF No. 7.
[3] *Id*.
[4] *Id*.

conflict.[5] Having examined the notice filed by the FPD and the waiver signed by Nunnery,[6] the court accepts the waiver.

In accordance with Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1, the court sets the following schedule for further proceedings in this action:

1. **Amended Petition**. Petitioner has 60 days from the date of this order to file and serve an amended petition for a writ of habeas corpus. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If petitioner determines that an amended petition need not be filed, then, within the time for the filing of an amended petition, petitioner must file and serve a statement to that effect.

2. **Response to Petition**. Respondents will have 60 days following service of the amended petition to file and serve an answer or other response to the amended petition. If petitioner does not file an amended petition, respondents will have 60 days following the due-date for the amended petition to file and serve an answer or other response to the original petition.

3. **Reply and Response to Reply**. Petitioner will have 45 days following service of an answer to file and serve a reply. Respondents will then have 30 days following service of a reply to file and serve a response to the reply.

4. **Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner will have 30 days following service of the motion to file and serve an opposition to the motion.

---

[5] *Id*. at 3-5.

[6] ECF No. 8.

Respondents will then have 30 days following service of the opposition to file and serve a reply.

    5. **Discovery**. If petitioner wishes to move for leave to conduct discovery, petitioner must file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature and may be denied without prejudice on that basis. Respondents must file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Petitioner will then have 20 days to file and serve a reply in support of the motion for leave to conduct discovery. If the court grants petitioner leave to conduct discovery, the court will then establish time limits for the completion of the authorized discovery.

    6. **Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, petitioner must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature and may be denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their

response to petitioner's reply.  Petitioner will then have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

      7. **Status Reports and Status Conferences**.  The court may, from time to time as the need arises, schedule status conferences and/or require the filing and service of status reports in order to manage the progress of this action.

      **IT IS SO ORDERED**.

      Dated: November 19, 2019

      _____
U.S. District Judge Jennifer A. Dorsey