# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Eugene Nunnery,

    Petitioner

v.

William Gittere, et al.,

    Respondents

Case No.: 3:19-cv-00618-JAD-WGC

**Order Granting Motion for Stay**

[ECF No. 15]

    Petitioner Nunnery moves for an order staying the proceedings in this capital habeas corpus action.[1] According to Nunnery's counsel, the stay is necessary because, due to the current COVID-19 pandemic, they are unable to conduct the investigation necessary to file an amended petition.[2] Nunnery alternatively asks for a 120-day extension of time within which to file his amended petition.[3]

    While they oppose an indefinite stay, respondents do not object to allowing Nunnery additional time to file an amended petition and "remain open to supporting a limited stay if Nunnery identifies specific evidence relevant to a pleaded claim that cannot be obtained without an in-person interview."[4] In his reply, Nunnery claims that in-person interviews are necessary "to re-investigate [his] life history and conduct a mitigation investigation" and to support his claims of ineffective assistance of counsel, juror bias and misconduct, and mitigation.[5]

---

[1] ECF No. 15.
[2] *Id*.
[3] *Id*.
[4] ECF No. 17.
[5] ECF No. 18.

As Nunnery points out, this court has granted COVID-related investigation stays in at least two other cases.[6] Unlike this case, however, the petitioners in those cases have not been sentenced to death so presumably do not have an incentive to keep their federal habeas proceedings pending as long as possible. Indeed, the Supreme Court cautioned in *Rhines v. Weber* that, "[i]n particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."[7] Nonetheless, the court agrees that the current limitations imposed in response to the COVID-19 pandemic are a significant obstacle to counsel's ability to investigate his case and prepare a proper amended petition. So the court will grant the stay but require petitioner's counsel to file quarterly status reports advising the court of counsel's efforts to complete the investigation. Petitioner must return to this court with a motion to reopen the case when counsel concludes the investigation necessary to file an amended petition. In granting this stay, the court makes no assurances about the timeliness of any claims contained in the amended petition. To the extent that respondents are concerned that Nunnery is unnecessarily prolonging the stay, they may file a response to any such status report.

IT IS THEREFORE ORDERED that **petitioner's motion for stay [ECF No. 15] is GRANTED. This action is STAYED until further order.**

IT IS FURTHER ORDERED that petitioner must file a status report describing the status of his investigation by December 15, 2020, and then every three months while the stay continues (i.e., on or before March 15, 2021; June 15, 2021; etc.). The respondents may, if necessary, file

---

[6] ECF No. 15 at 11 n.46 (citing *Campbell v. Williams*, No. 2:19-cv-01374-GMN-EY (D. Nev. May 18, 2020), ECF No. 18 and *Ojeda-Enriquez v. Warden*, No. 2:18-cv-01207-RFB-VCF (D. Nev. July 13, 2020), ECF No. 31).

[7] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

a response to any such status report within 15 days after it is filed.  If necessary, petitioner may reply within 15 days of the filing of the response.

      IT IS FURTHER ORDERED that the Clerk is directed to **ADMINISTRATIVELY CLOSE this action.**

      IT IS FURTHER ORDERED that this action will be subject to dismissal upon a motion by the respondents if petitioner does not comply with the time limits in this order or if he otherwise fails to proceed with diligence during the stay imposed under this order.

      Dated: August 24, 2020

                                              _____
                                            U.S. District Judge Jennifer A. Dorsey