# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Eugene Nunnery,

    Petitioner

v.

William Gittere, et al.,

    Respondents

Case No.: 3:19-cv-00618-JAD-CSD

**Order Granting Motion to Reopen Proceedings and Lifting Stay**

ECF No. 32

    Petitioner Nunnery moves for an order reopening the proceedings in this capital habeas corpus action.[1] Nunnery's counsel report that they have completed the investigation for which the stay in this case was granted and that they should be able to file Nunnery's amended petition within 30 days.[2] So they ask me to vacate the stay I granted in August 2020[3] and set a briefing schedule on Nunnery's forthcoming amended petition.

    Respondents do not oppose reopening this case but object to allowing Nunnery an additional 30 days to file an amended petition given that "he admittedly was prepared to file a supplemental state petition on September 15, 2022, and his initial 244-day-long extension has now become a more than a 974-day-long extension."[4] Respondents further note that Nunnery has yet to move for an exhaustion stay even though he "admittedly still has proceedings pending in the state courts."[5]

---

[1] ECF No. 32.
[2] *Id*.
[3] ECF No. 19.
[4] ECF No. 33 at 2.
[5] *Id*.

I do not consider Nunnery's request for 30 days to file his amended petition to be unreasonable but caution his counsel that I am not inclined to further extend that deadline given the length of time this case has been stayed. As for Nunnery's failure to file a motion for a stay while he exhausts state court remedies, I cannot assess whether a stay is appropriate for that purpose until Nunnery has filed his amended petition.[6] Because Nunnery indicates that he intends request a stay once he files his amended petition,[7] I will set a deadline for that request instead of entering a more comprehensive scheduling order.

IT IS THEREFORE ORDERED that **petitioner's motion to vacate stay and reopen capital habeas proceedings [ECF No. 32] is GRANTED, and the STAY IS LIFTED.**

IT IS FURTHER ORDERED that the petitioner will have until October 29, 2022, to file an amended petition for writ of habeas corpus. The amended petition must specifically state whether each ground for relief has been exhausted in state court; and, for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred.

IT IS FURTHER ORDERED that the petitioner will have **20 days** from the date he files his amended petition to request a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Respondents will have **30 days** to file a response. Petitioner will have **20 days** to file a reply. If petitioner does not file a request for a stay within the time allotted, I will enter an order that directs the

---

[6] *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (requiring the court to determine that unexhausted claims are not plainly meritless before allowing a stay for exhaustion purposes).

[7] ECF No. 34 at 2-3.

respondents to file a response to the amended petition and that sets deadlines for further proceedings.

Dated: September 29, 2022

_____
U.S. District Judge Jennifer A. Dorsey